## CIRCUIT COURT OF LOUDOUN COUNTY

Elaine Pitt Warf

    v.

James W. Fields

November 30, 1992

Case No. (Chancery) 14483

BY JUDGE JAMES H. CHAMBLIN

On October 29, 1992, counsel argued the Demurrer and Plea of the Statute of Limitations of James W. Fields ("Fields") to the Application for Appeal and Petition to Rescind Deeds filed by Elaine Pitt Warf. The Demurrer to Count I was sustained because the Court is of the opinion that Section 64.1–78 does not provide for an appeal to the Court of the Clerk's appointment of an administrator of an intestate decedent's estate. The statute provides for an appeal of the probate of a will. Because Count I cannot be amended to state a ground for relief, it is dismissed without granting leave to amend.

The Demurrer and Plea of Statute of Limitations to Counts II and III were taken under advisement.

Warf is the daughter and only child of Mary Libeau Pitt Fields ("Mary") who died intestate on April 29, 1992. On May 8, 1992, Fields qualified before the Clerk of this Court as administrator of Mary's estate.

On July 23, 1992, Warf filed the present suit. The first count appealed the Clerk's appointment of Fields as administrator, and it has been dismissed as set forth above. Count II seeks the setting aside of certain deeds executed by Mary during her lifetime, damages and an injunction because of fraud perpetrated on Warf by Fields. Count III seeks a judicial determination that certain deeds executed by Mary during her lifetime are void for lack of mental capacity on Mary's part.

The Demurrer to Count II is sustained as stated from the bench on October 28, 1992. The gist of the fraud claim is that Fields told her that he would reconvey the property, her attorney wrote Fields' attorney requesting that the property be reconveyed, and that she heard nothing so she assumed that Fields had lived up to his promise to reconvey the property. However, she "recently learned" that he did not reconvey the property. If Fields had reconveyed the property, then it would have been owned by Mary at her death and would have passed to Warf by intestate succession. As Fields' statements concerned future events it must be alleged that he made them without an intention to do what he said he was going to do. There is no such allegation in her pleading. The Court will allow Warf to file an amended bill of complaint as to her fraud claim against Fields.

Clearly if Mary were still alive, she or someone on her behalf, e.g. a guardian or committee, could have brought suit to set aside the conveyances to Fields on account of fraud or lack of mental capacity. Even after her death her administrator could have brought such a suit. However, here it is very unlikely that Fields as administrator would sue himself individually. Because of this unlikely event, Warf decided to file the petition seeking relief personal to her mother if she were alive or maintainable by her administrator after her death.

If Warf is being denied property which she would have inherited absent Fields' alleged wrongdoing and her mother's lack of mental capacity, then she should have some form of relief. If the deeds executed by Mary are voidable (and the rights of innocent third parties have not intervened, e.g. the other individual defendants is this suit whose demurrers have been sustained because they were bona fide purchasers for value), then if they are declared void, then the property would revert back to Mary's heir at law. There is also the issue of whether the marriage of Mary and Fields is valid, and this would have an impact on the extent of Warf's inheritance from Mary.

After the consideration of all the argument of counsel, I am of the opinion that Warf has such a personal stake in the outcome of the controversies surrounding the deeds at issue as to assume that her presentation of the issues will be beneficial to the Court's determinations in this case. *See Duke Power Co.* v. *Carolina Environmental Study Group*, 438 U.S. 59 (1978); *Cupp* v. *Board of Supervisors*, 227 Va. 580 (1984). Therefore, the Demurrer to Count III is overruled.

The Plea of Statute of Limitations is denied at this time, but Fields may renew it at a later date.

Let counsel for Warf prepare a decree sustaining the Demurrer as to Counts I and II, dismissing Count I, granting leave to file an amended bill of complaint as to Count II, overruling the Demurrer as to Count III and denying the Plea of Statute of Limitations at this time with leave to renew it at a later date. Any counsel may note an exception thereto.